# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20033-KHV |
| GARY J. QUIRK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Motion To Dismiss (Doc. #23) filed September 20, 2010. Defendant argues that the Court must dismiss the indictment because of unreasonable pre-indictment delay. On November 23, 2010, the Court held a hearing on the motion. On November 30, 2010, the Court orally overruled defendant's motion. This memorandum memorializes and expands upon the Court's oral ruling.

## Factual Background

On June 24, 2008, Kansas law enforcement officials arrested defendant for possessing a firearm in violation of his state parole. The state court revoked his parole and returned him to prison in the State of Kansas.

On February 25, 2010, a federal grand jury indicted defendant on charges of being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1) and being a drug user in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 2). Although federal authorities knew of the charged conduct in June of 2008, they waited 20 months to seek an indictment. The government asserts that the delay was due to "the press of business." At the hearing, government counsel recited that she was involved in 11 jury trials during

the 20-month delay, including two trials which were six to seven weeks long.

**Analysis**

Defendant asserts that the 20-month delay violated his right to a speedy trial.[1]

The Due Process Clause of the Fifth Amendment protects against oppressive pre-indictment delay. See, e.g., United States v. Marion, 404 U.S. 307, 324-25 (1971). Dismissal for pre-indictment delay "is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." United States v. Greene, 737 F.2d 572, 574 (6th Cir. 1984). The Supreme Court has repeatedly emphasized that in order to establish a due process violation, defendant must show that the delay "caused him actual prejudice in presenting his defense." United States v. Gouveia, 467 U.S. 180, 192 (1984); see Marion, 404 U.S. at 326 (events of trial could demonstrate actual prejudice, but at present time, appellees' due process claims speculative and premature).

I.    Prejudice

Defendant primarily argues that the delay prejudiced him because he has lost any chance to have the state sentence and a potential federal sentence run concurrently. Defendant cites no authority, however, which holds that the lost opportunity for concurrent sentences constitutes

---

[1] Here, the protections of the Sixth Amendment were not triggered before the indictment on February 25, 2010, and the Court therefore addresses defendant's claims about pre-indictment delay in the context of the Fifth Amendment. See United States v. Rogers, 118 F.3d 466, 475-76 (6th Cir. 1997); Doggett v. United States, 505 U.S. 647, 655 (1992) (Sixth Amendment right to speedy trial does not come into play until "arrest, indictment or other official accusation"). In determining whether delay violates defendant's right to a speedy trial under the Sixth Amendment, courts balance (1) the length of the delay, (2) the reason for the delay, (3) defendant's assertion – or failure to assert – his right and (4) prejudice to defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). None of these four factors is, by itself, "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Id. at 533.

prejudice.

In his motion, defendant also asserts that the delay has prejudiced his defense because memories of key defense witnesses have dimmed over time and witnesses available to the defendant in the summer of 2008 are no longer in a position to testify on his behalf as a result of their changed circumstances. At the hearing, however, defendant conceded that he is not prejudiced by dimmed memories of witnesses or by witnesses who have become unavailable. Further, the government notes that defendant fully confessed his guilt to law enforcement officers. The Court finds that defendant cannot show prejudice.

II.     Reason For Delay

Even if defendant could show prejudice, he has not shown that the government's delay in seeking an indictment was purposefully designed to gain a tactical advantage or to harass. United States v. Johnson, 120 F3d. 1107, 1110 (10th Cir. 1997).

The government asserts that the delay was due to the fact that government counsel was involved in 11 jury trials during the 20-month delay, including two trials which were six to seven weeks long. Further, the government notes that because it bears the burden of proof, preindictment delay usually does not benefit the government. The government points out that defendant was incarcerated during the delay, with his earliest release date of July 1, 2011.

Defendant argues that the government's decision to delay this case in favor of other cases demonstrates that the government delayed for a tactical advantage. Defendant cites no authority, however, for the proposition that delay due to the press of business constitutes harassment.

On this record, defendant has failed to demonstrate a violation of his Fifth Amendment right to due process because he has not shown that he was actually prejudiced by the delay. Further,

nothing suggests that the delay created any tactical advantage for the government.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #23) filed September 20, 2010 be and hereby is **OVERRULED**.

Dated this 3rd day of December, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge